IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL SALINAS,

    Plaintiff,                                   No. 2:12-cv-682-WBS-EFB

    vs.

STAPLES, INC.; and
DOES 1 through 20, inclusive,

    Defendants.                          <u>ORDER</u>

       On September 6, 2012, defendant Staples the Office Superstore, LLC (sued as "Staples, Inc.") filed a motion to compel plaintiff to provide his initial disclosures, as required by Federal Rule of Civil Procedure 26(a) and the court's June 18, 2012 status (pretrial scheduling) order, and to respond to defendant's June 8, 2012 requests for production of documents, as well as a request for sanctions. Dckt. No. 9; *see also* Dckt. Nos. 10-11.  The motion was noticed for hearing on September 26, 2012. *Id.*

       Because plaintiff has completely failed to respond to defendant's discovery requests and requests that he provide his initial disclosures, Eastern District of California Local Rule 251(e) applies.  *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order").  Under Local Rule 251(e), a responding

1

party must file a response to the discovery motion at issue no later than seven days before the hearing date, or in this instance, by September 19, 2012.

The deadline has passed and plaintiff has not filed any response to defendant's motion. Therefore, plaintiff will not be entitled to be heard on the motion, and the hearing on the motion will be vacated.

Federal Rule of Civil Procedure ("Rule") 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Defendant's motion provides that plaintiff still has not served defendant with his initial disclosures, even though the deadline for plaintiff to do so has long since expired, *see* Fed. R. Civ. P. 26(a)(1)(c) and Dckt. No. 8 at 2, and even though defendant's counsel has since requested the disclosures from plaintiff's counsel on numerous occasions. Clary Decl., Dckt. No. 11, ¶¶ 4-17. Nor has plaintiff provided any valid excuse for the failure to do so since he failed to respond to the motion to compel. Accordingly, plaintiff will be ordered to provide defendant with his initial disclosures within fourteen days.

In addition to the outstanding initial disclosures, defendant's motion provides that plaintiff has also not responded to defendant's requests for production of documents, which were served on June 8, 2012, despite numerous requests by defense counsel for those responses. Clary Decl. ¶¶ 2, 7-17. Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Here, plaintiff has not provided any valid excuse for his failure to respond to defendant's requests for production of documents. Therefore, plaintiff will be ordered to provide defendant with responses to those discovery requests within fourteen days.

Defendant also requests that plaintiff be required to pay the expenses of bringing the motion to compel, including reasonable attorney's fees and travel expenses incurred, in the total amount of $2610.00 (based on 5 hours spent by Lukas Clary preparing the motion to compel and

2 hours attempting to meet and confer, at a rate of $325 per hour; and 1 hour spent by Kristina Launey reviewing the motion to compel, at a rate of $335 per hour).[1]  Dckt. No. 18 at 4.  Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless the moving party failed to attempt in good faith to obtain the discovery or disclosures without court action, the non-disclosure was substantially justified, or the circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Here, because defendant attempted in good faith to obtain both the disclosures and the discovery responses without court action, plaintiff has provided no justification for his failure to timely provide his initial disclosures and his failure to timely respond to defendant's discovery requests, and the court is aware of no other circumstances that would make an award of expenses unjust, plaintiff will be ordered to reimburse defendant $2610.00 for the reasonable expenses incurred in making the motion to compel.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel plaintiff to provide his initial disclosures and to respond to defendant's June 8, 2012 requests for production of documents, Dckt. No. 9, is granted, and the September 26, 2012 hearing thereon is vacated.

2. Within fourteen days of the date of this order, plaintiff shall serve defendant with his initial disclosures, as required by Federal Rule of Civil Procedure 26(a).

---

[1] Although the motion seeks $3,910.00 in costs, that amount includes time defendant anticipated it would spend preparing a reply to plaintiff's opposition (3 hours at $325 per hour) and attending a hearing on the motion (1 hour at $325 per hour).  In light of this order, no reply brief or appearance at the hearing is necessary.

[2] Although defendant also requests dismissal of plaintiff's action for failing to cooperate in discovery and for failure to provide his initial disclosures, and also requests an order excluding all witnesses and/or documents that were not timely disclosed, that relief will not be awarded at this time.  Dckt. No. 9 at 2.  However, plaintiff will be admonished that a failure to comply with this order may result in a recommendation that this action be dismissed and/or may result in the imposition of monetary and/or evidentiary sanctions.

3.  Also within fourteen days of the date of this order, plaintiff shall serve defendant with responses to defendant's June 8, 2012 requests for production of documents.

4.  Also within fourteen days of the date of this order, plaintiff shall reimburse defendant for the reasonable expenses incurred in making its motion to compel, in the total amount of $2610.00.

5.  Plaintiff is admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or dismissal of this action.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED:  September 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE